■ In the Matter of the Application of WILLIAM V. OVERMAN. — In November, 1982 petitioner, who is admitted to practice in North Carolina, submitted an application for admission to the Bar of this State without examination pursuant to 22 NYCRR 520.9 of the Rules of the Court of Appeals. In accordance with the rules of this court (22 NYCRR 805.1), the application was referred to a member of the Committee on Character and Fitness for the Third District for investigation and recommendation. Following his review of the application and a personal interview with petitioner, the committee member concluded that "at this time, I cannot recommend that [petitioner] be admitted to practice in New York State." The application was then considered by a 10-member quorum of the committee (22 NYCRR 805.1 [c]) which also conducted a personal interview with petitioner. Following deliberations on the application, a vote was taken with the result that the members of the quorum were equally divided in their opinion as to the application. A further meeting of the quorum was held, but it remained deadlocked with five members voting for admission and five voting against. Petitioner then filed a written waiver of his right to the hearing provided for by the rules when the committee fails to approve an application (22 NYCRR 805.1 [f]), and elected to have his application determined by the court upon the documents and reports contained in the admission file. The instant petition pursuant to CPLR 9404 ensued. It is apparent that the disagreement among the members of the committee centered upon the fact that in August, 1982 petitioner was the subject of a private reprimand issued by the Grievance Committee of the North Carolina State Bar. The facts underlying the issuance of this reprimand were essentially that in October, 1981, while a partner in a North Carolina law firm, petitioner received a set of closing papers from that State's Department of Transportation in connection with the claim of one Taylor. Attached to these closing papers was a check in the amount of $6,400. Instead of depositing the check in the law firm's trust account, petitioner used the money to pay personal debts. Subsequently, in November, 1981, petitioner received another set of closing papers from the Department of Transportation for the claim of one Tysinger. Again, instead of depositing the check to the firm's trust account, petitioner used the money to

pay personal debts. Thereafter, in early January, 1982, he reported these incidents to his partners and tendered his resignation from the firm which was accepted. The following day he replaced the converted funds with money borrowed from relatives. The claimants received the amounts which were due them and did not become aware of the defalcations which had occurred. Petitioner reported his conduct to the North Carolina State Bar which, after investigating the matter, determined that a complaint and hearing were not warranted but that a private reprimand should be issued. Inasmuch as petitioner has complied with the Rules of the Court of Appeals and this court relating to the admission of attorneys without examination, the question squarely presented by this application is whether he can be said to possess the character and general fitness requisite for an attorney and counselor at law (Judiciary Law, § 90, subd 1, par b). That such an inquiry is a most difficult one and reasonable men and women may differ in their opinions based upon the facts presented is plainly indicated by the searching inquiry conducted by the members of the committee in this case, for which they are to be commended, and by the voting deadlock which lengthy discussion was unable to resolve. We do not condone the serious and regrettable violations of the Code of Professional Responsibility evinced by petitioner's conversion of client funds in the State of North Carolina. Nor do we take lightly our responsibility to ensure that those admitted to the Bar of this State possess the character and fitness required for the practice of law. It cannot be denied that petitioner's actions in North Carolina reflect upon his qualifications in this regard. In this case, however, we prefer to focus on certain mitigating factors clearly evident from the file. First of all, with regard to his misconduct in North Carolina, petitioner confessed his defalcations to his partners and promptly made restitution. He then reported his actions to the North Carolina State Bar and cooperated with that body in its investigation of the matter. These factors were obviously considered by the North Carolina State Bar in its determination to impose a private reprimand instead of a more serious form of discipline. Secondly, petitioner's misconduct occurred following a period of matrimonial and financial difficulties and during a time when he was involved in a pattern of compulsive gambling which, according to him, became an obsession. He candidly admits that gambling was the cause of his difficulties during this period and states that he sought counseling for his problem which has proven successful due in no small part to the active participation of his wife who attended the counseling sessions with him. Petitioner avers that he has completely controlled his gambling problem and had not gambled since December, 1981. Lastly, it is apparent that petitioner, who is 33 years old, has already suffered substantially for his mistake. He forfeited a lucrative position with the North Carolina law firm and was disgraced in the eyes of his partners and acquaintances. He and his family are desirous of starting over in this State and he presently has a good prospect of employment as an attorney with a governmental agency. It must also be noted that petitioner has been scrupulously co-operative and painfully honest with the committee in the course of its investigation and has promptly provided all information required of him. In view of the above considerations, we are of the opinion that the application should be granted. Application granted. Mahoney, P. J., Main, Yesawich, Jr., and Levine, JJ., concur.

Mikoll, J., dissents and votes to deny the application in the following memorandum. Mikoll, J. (dissenting). Although I am cognizant of the mitigating factors referred to by the majority, I believe that too short a period of time has passed since the commission of the serious acts of misconduct by petitioner in the State of North Carolina. The file indicates that, as a result of his actions, petitioner resigned from the North Carolina law firm in January, 1982, moved

to New York State in August, 1982 and submitted his application for admission in November, 1982, less than one year ago. There has been no proof submitted to demonstrate that petitioner has in fact overcome the gambling problem which he claims led to his misconduct in North Carolina. In my opinion, petitioner should be required to submit such proof and consideration of his application should be deferred until such time as he can establish by his conduct that he possesses the character and fitness required for admission to the Bar of this State. Accordingly, I would deny the instant application.